IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jaime Moyotl, | ) |
|            Plaintiff, | ) Case No. 1:23-cv-04139 |
| v. | ) Judge Joan B. Gottschall |
| Middleby Marshall Inc., | ) **Jury Trial Demanded** |
|            Defendant. | ) |

## JOINT INITIAL STATUS REPORT

**1. Nature of the Case**

    **A. Identify the attorneys of record for each party, including the lead trial attorney.**

Plaintiff Jaime Moyotl is represented by Michael T. Smith (lead trial attorney) of Law Offices of Michael T. Smith & Associates, P.C. Defendant Middleby Marshall Inc. is represented by Tracy Billows (lead trial attorney), Kyla Miller, and James Nasiri of Seyfarth Shaw LLP.

    **B. Identify any parties that have not yet been served.**

All Parties have been served.

    **C. State the basis for federal jurisdiction.**

Plaintiff filed claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as amended, *et seq.* ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), thereby establishing federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    **D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff, a former service department coordinator for Defendant, alleges that Defendant subjected him to discrimination and a hostile work environment on the basis of his race, national origin, and sexual orientation. Specifically, Plaintiff claims that his supervisor and another colleague harassed Plaintiff by making inappropriate comments related to his sexual orientation and scrutinizing his work performance. Plaintiff further alleges that Defendant terminated his

1

employment and replaced him with a female employee with less seniority. Defendant denies it discriminated against Plaintiff or subjected him to a hostile work environment in any way.

There are no counterclaims.

**E. State the major legal and factual issues in the case.**

The major legal and factual issues in this case include:

- Whether Defendant subjected Plaintiff to a severe and pervasive work environment on the basis of his race, national origin, or sexual orientation;

- Whether Plaintiff informed Defendant of the alleged hostile work environment, and if so, whether Defendant adequately investigated and addressed the alleged harassment;

- Whether Defendant was aware of Plaintiff's sexual orientation;

- Whether Defendant terminated Plaintiff's employment because of his race, national origin, or sexual orientation;

- Whether Defendant treated Plaintiff differently than it treated workers of other protected categories;

- Whether Defendant can articulate a legitimate, non-discriminatory reason for terminating Plaintiff's employment; and

- The extent of Plaintiff's damages, and if he is entitled to damages, whether Plaintiff adequately mitigated his damages.

**F. Describe the relief sought.**

Plaintiff seeks actual damages for his emotional distress and lost wages (including back pay, front pay, and lost benefits); interest on unpaid damages; punitive damages; equitable/injunctive relief; and reasonable attorneys' fees and costs.

**2. Case Plan**

**A. Identify all pending motions.**

There are no pending motions.

**B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

Defendant has answered.

**C. Submit a proposed discovery plan, including the following information:**

**i. the general type of discovery needed;**

The Parties anticipate needing targeted document requests, interrogatories, and a small number of depositions.

**ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;**

The parties anticipate seeking emails and other electronic communications from each other regarding the issues in this case. The parties are open to working together to ensure that production of such documents is not unduly burdensome.

**iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);**

The parties are amendable to entering into a protective order if the need arises.

**iv. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;**

The Parties will make disclosures on or before September 30, 2023.

**v. the date by which the parties will complete fact discovery;**

April 15, 2024.

**vi. whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;**

The parties do not anticipate needing expert discovery at this time; however, should the need arise, the Parties propose the following expert discovery schedule:

- May 15, 2024 – expert reports due;
- June 15, 2024 – rebuttal expert reports due;
- July 15, 2024 – expert discovery closes.

**vii. what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and**

The Parties do not believe any changes are needed.

**viii. the date by which the parties must file any dispositive motions.**

The Parties shall file dispositive motions on or before August 15, 2024. Plaintiff does not object to Defendant's request to have 60 days for either party to respond to dispositive motions.

**D. State whether there has been a jury demand and the estimated length of the trial.**

There has been a jury demand. The Parties anticipate a two- or three-day trial.

**3. Settlement**

**A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.**

There have not been preliminary settlement discussions.

**B. State whether the parties believe that a settlement conference would be productive at this time.**

The Parties believe that a settlement conference would not be productive at this time, but are open to the possibility in the future.

**4. Consent to Proceed Before a Magistrate Judge**

**A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.**

Counsel has discussed with their clients the possibility of proceeding before a magistrate and do not unanimously consent to doing so.

/s/ Michael T. Smith

Michael T. Smith
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
Msmith39950@aol.com
Phone: (847) 466-1099

*Counsel for Jaime Moyotl*

/s/ Kyla J. Miller

Tracy M. Billows
tbillows@seyfarth.com
Kyla J. Miller
kjmiller@seyfarth.com
James P. Nasiri
jnasiri@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:	(312) 460-5000
Facsimile:	(312) 460-7000

*Counsel for Middleby Marshall Inc.*